## MINES v. SCRIBNER et al.

(Circuit Court, S. D. New York. July 7, 1906.)

1. MONOPOLIES—AGREEMENTS IN RESTRAINT OF TRADE.

An agreement by the members of a publishers' association controlling 90 per cent of the book business of the country, under which all agreed not to sell to anyone who would cut prices on copyrighted books, nor to any one who should be known to have sold to others who cut prices, etc., was an agreement relating to interstate trade or commerce, within the anti-trust act. Act July 2, 1890, c. 647, 26 Stat. 209 [U. S. Comp. St. 1901, p. 3200].

[Ed. Note.—For cases in point, see vol. 35, Cent. Dig. Monopolies, § 13.]

2. SAME—CONSPIRACY—RESTRAINT OF TRADE.

Defendants became members of an association of book publishers controlling 90 per cent. of the book business of the country, which association adopted a rule that they would not sell to any one who cut prices

on copyrighted books, nor to any one who should be known to have sold to others at cut prices. A black list was kept containing the names of such persons, and no one on the black list could buy any books of anybody in the scheme. *Held*, that such scheme constituted a conspiracy in restraint of interstate trade or commerce.

[Ed. Note.—For cases in point, see vol. 35, Cent. Dig. Monopolies, § 13.]

3. COPYRIGHT—EFFECT—EXTENT OF RIGHTS ACQUIRED.

The rights acquired by publishers of copyrighted books under the copyright law did not justify them in combining and agreeing that their books should be subject to the rules laid down by the united owners, one of which was that no member of the association should sell any books to a blacklisted purchaser who was known to cut prices.

Theodore Baumeister, for complainant.

Stephen H. Olin, for defendants.

PLATT, District Judge. This is a demurrer to a complaint brought under the United States statute of July 2, 1890 (26 Stat. 209, c. 647 [U. S. Comp. St. 1901, p. 3200]), commonly known as the "Anti-Trust Act." It contends that upon the facts alleged the case cannot be brought within the statute, for several reasons:

1. Because it does not relate to interstate trade or commerce. I think that it does.

2. Because it does not show that the defendants have entered into any contract, combination, or conspiracy in restraint of interstate trade or commerce, nor that they have attempted to monopolize, either directly or by combination, any article which is the subject of such trade or commerce. I think that it does, and let me say just a word in connection with my conclusion. A rapid glance at the case develops, among other things, the following state of affairs: Defendants, with others, became members of the American Publishers' Association, whereby 90 per cent. of the book business of the country was controlled. A rule was adopted and agreed to all around that they would not sell to any one who cut prices on copyrighted books, nor to any one who should be known to have sold to others who cut prices. A black list was to be kept, containing the names of such persons, and no one on that black list could buy any books of anybody in the scheme. Plaintiff got on the black list, could not buy, and was thereby injured, and claims his treble damages.

It is true that this scheme does not prevent each publisher from putting such price as he sees fit upon his copyrighted book; but it compels jobber and retailer to stand by that price, whatever it may be, and if it is broken in any instance it puts such person out of business. It is not content with refusing to deliver any more copies of the particular book upon which he cuts the price, but it closes him out of all dealings on any and every book, copyrighted or not.

The copyright law cannot help the defendants, because, in the first place the restraint is not confined to copyrighted books, and, if it were, it cannot be so that the right given a single publisher to do as he pleases with his copyrighted book can be extended, so that he can combine with other owners of copyrights and permit his book to be subject to the rules laid down by the united owners.

Let the demurrer be overruled.